UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN OUWINGA, LEANN OUWINGA, DAVID OUWINGA, CHRISTINE OUWINGA, and STONEY CREEK FISHERIES AND EQUIPMENT INC., on behalf of themselves and all others similarly situated,<br>§ § § § § § § §<br>*Plaintiffs*,<br>vs.<br>§ § §<br>BENISTAR 419 PLAN SERVICES, INC., BENISTAR LTD., JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, EDWARDS ANGELL PALMER & DODGE LLP, JOHN H. REID, III, KRIS LESLEY, ROBERT FOGG, and PASCIAK JOHN HANCOCK AGENCY LLC f/k/a WEST MICHIGAN PASCIAK GENERAL AGENCY,<br>§ § § § § § § § § § § § § §<br>*Defendants*. § | Case No. 1:09-cv-60<br>Pending in the United States District Court for the Western District of Michigan, Southern Division<br><br>13MC146VLB<br><br>October 24, 2013 |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM THIRD PARTY BENISTAR ADMIN SERVICES, INC.

This is a motion[1] to enforce a subpoena issued in this Judicial District by counsel for Stephen Ouwinga, et al., and all other similarly situated, plaintiffs in the above-captioned putative class action pending in the United States District Court for the Eastern District of Michigan ("Plaintiffs"). Pursuant to Fed. R. Civ. P. 45(e), Plaintiffs file this motion to compel Benistar Admin Services, Inc. ("Benistar") to comply with the subpoena dated August 2, 2013 (the

---

[1] The motion to compel filed and served by the Plaintiffs on October 23, 2013 did not list the names of all of the parties of record in the caption. This document lists the names of the parties in the caption and replaces the motion to compel filed on October 23. This motion relies on the same memorandum of law, attachments and other documents filed and served on October 23. While Benistar 419 Plan Services, Inc. is the nominal defendant in the caption of this action, that entity and Benistar Ltd. have been terminated from this action.

**ORAL ARGUMENT REQUESTED**

"Subpoena") and produce documents requested in the Subpoena.

Plaintiffs served a subpoena on Benistar on August 2, 2013 requesting production of documents limited to the class discovery topics currently at issue in the above-referenced lawsuit. The subpoena provided for a compliance date of September 10, 2013. Benistar served multiple objections to the subpoena, including 11 separate "general" objections. The objections did not indicate whether and how Benistar planned to respond to the requests for production. After several requests and two weeks after the compliance date in the subpoena, Plaintiffs received documents from Benistar related *solely* to the Ouwingas, the class representatives, and *no others* (despite this subpoena being sent for class discovery purposes). To date, Benistar has only produced documents related to the Ouwingas.

Counsel for Plaintiffs has reached out to Benistar's counsel on multiple occasions by email and telephone in an effort to resolve the disputes regarding the subpoena. As recently as October 4, 2013, Plaintiffs sent a letter detailing each and every issue with Benistar's objections and their limited document production. Benistar has not responded. In accordance with D. Conn. LR 37(a), Plaintiffs file herewith the affidavit of W. Ralph Canada, Jr. ("Canada Aff.") showing that Plaintiffs have made a good faith effort to resolve by agreement the issues raised by the instant motion without the intervention of the Court, and despite that effort (including conferring with counsel for Benistar) the issue has not been resolved by agreement.

For the reasons set forth in the accompanying memorandum of law (the contents of which are incorporated herein as if fully set forth), Plaintiffs respectfully request that the Court (1) overrule Benistar's general objections, (2) require Benistar to substantively respond to each request by specifying whether it has documents related to the request, and (3) order Benistar to produce all documents responsive to each of the requests for production. In addition, Plaintiffs

request a reasonable award of attorney's fees pursuant to D. Conn. LR 37(c), as the substance and form of Benistar's objections are not warranted by existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. Plaintiffs further request all such additional relief that the Court deems proper.

DATED: October 24, 2013

Respectfully submitted,

*Garrett S. Flynn*

Garrett S. Flynn, Esq. (CT 22071)
Law Offices of Garrett S. Flynn, LLC
10 North Main Street, #316
West Hartford, CT 06107
(860) 676-3148
fax: (860) 674-0085
gsf@flynn-law.com

*Counsel for Plaintiffs*


*Of Counsel*

David R. Deary
W. Ralph Canada, Jr.
Jeven R. Sloan
K. Adam Rothey
Tyler M. Simpson
LOEWINSOHN FLEGLE DEARY, LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Phone: (214) 572-1700
Fax: (214) 572-1717

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN OUWINGA, et al., on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>BENISTAR 419 PLAN SERVICES, INC., et al.,<br><br>    *Defendants.* | Case No. 1:09-cv-60<br>Pending in the United States District Court for the Western District of Michigan, Southern Division |

## ORDER

AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiffs' motion to compel compliance by Benistar Admin Services, Inc. ("Benistar") with the subpoena referenced in said motion (the "Subpoena") and Benistar's response thereto, if any, and for good cause shown, it is hereby:

ORDERED that Plaintiffs' motion is granted.

IT IS FURTHER ORDERED that (1) Benistar's general objections are overruled, (2) Benistar shall substantively respond to each request by specifying whether it has documents related to the request, and (3) Benistar shall produce documents responsive to all of the requests for production contained in the Subpoena. Furthermore, the Court finds that Benistar's objections to the motion are not warranted by existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. Accordingly, Plaintiffs are entitled to a reasonable award of attorney's fees pursuant to D. Conn. LR 37(c). Within 30

4

days of this Order, Plaintiffs shall submit an affidavit of attorney's fees pursuant to D. Conn. LR 37(c).

_____

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2013, I caused a copy of the foregoing to be served by first class postage prepaid U.S. Mail upon the following parties:

Joseph J. Arcata, III
HALLORAN & SAGE LLP
225 Asylum Street
Harford, CT 06103-4303
Telephone: 860-241-4092
Fax: 860-548-0006
*Counsel for Benistar*

Melissa Corrie Anne Brown
DYKEMA GOSSETT PLLC
300 Ottawa Avenue N.W., #700
Grand Rapids, MI 49503
mbrown@dykema.com
*Counsel for Defendants John Hancock Variable Insurance Company and John Hancock Life Insurance Company*

Joel S. Feldman
Eric S. Mattson
Jason M. Adler
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
jfeldman@sidley.com
emattson@sidley.com
jadler@sidley.com
*Counsel for Defendants John Hancock Variable Life Insurance Company and John Hancock Life Insurance Company*

_____
Counsel for Plaintiffs